# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA J. H.,<br><br>          Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | Case No. 21 C 837<br><br>Magistrate Judge Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Joshua J. H. appeals the Acting Commissioner of Social Security's decision denying his application for disability insurance benefits ("DIB"). For the reasons set forth below, the Court reverses the ALJ's decision and remands this case for further proceedings consistent with this opinion.

## BACKGROUND

Joshua was born in 1991, graduated from high school, and previously worked in construction and as a lube technician. Joshua has history of nonepileptic pseudoseizures, depression, anxiety, and substance abuse. He applied for DIB in October 2016 alleging he became disabled on April 25, 2015 due to seizures, memory loss, and anxiety.

After remand by the Appeals Council and a second administrative hearing was held, the ALJ issued a decision concluding that Joshua was not disabled under the Social Security Administration's five-step process. (R. 15-30). First, the ALJ found that Joshua had not engaged in substantial gainful activity during the period between his alleged onset date of April 25, 2015 through his date last insured of December 31, 2018. *Id*. at 18. Second, the ALJ concluded that Joshua suffered from the following severe impairments: seizure disorder, depressive disorder,

anxiety disorder, post-traumatic stress disorder, and mood disorder. *Id*. Third, the ALJ concluded that Joshua's impairments did not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. *Id*. at 18-20. Regarding Joshua's mental limitations, the ALJ considered the Paragraph B criteria for Listings 12.04, 12.06, 12.07, and 12.15 and found mild limitations in understanding, remembering or applying information; moderate limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself. *Id*.

The ALJ then determined that Joshua had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; should avoid exposure to unprotected heights and heavy moving machinery; and no driving as part of the job duties. In addition, the claimant can understand and carry out simple and detailed but not complex instructions; only occasional interactions with coworkers and only incidental contact with the public; should work in an environment without fast-paced tasks and without hourly production quotas but end of the day quotas are acceptable; and will be absent no more than one day per month.

(R. 20). Fourth, the ALJ concluded that Joshua was unable to perform his past relevant work of lubrication servicer as actually or generally performed. *Id*. at 28. Fifth, the ALJ concluded that that jobs existed in significant numbers in the national economy that Joshua could perform in light of his age, education, work experience, and RFC, including jobs such as cleaner/housekeeping, office helper, and marker. *Id*. at 28-30. The Appeals Council denied Joshua's request for review. *Id*. at 1-6.

## DISCUSSION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is currently unemployed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals any of the listings found in the regulations, *see* 20 C.F.R. § 404, Subpt. P, App. 1 (2004); (4) whether the claimant is unable to perform his former occupation; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). These steps are to be performed sequentially. 20 C.F.R. § 404.1520(a)(4). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford*, 227 F.3d at 868 (internal quotation marks omitted).

Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon a legal error. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, --- U.S. ----, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks omitted). In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022) (internal quotation marks omitted). Nevertheless, where the ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele*, 290 F.3d at 940.

Joshua raises three main arguments in support of his request for reversal and remand: (1) the ALJ made a flawed mental RFC determination; (2) the ALJ erred in giving little weight to the

opinion from his treating psychiatrist, Dr. Adam Brown; and (3) the ALJ improperly evaluated his subjective symptom statements regarding the limiting effects of his symptoms.[1] The Court finds the ALJ's conclusion, as part of the mental RFC determination, that Joshua was able to maintain occasional interactions with coworkers is not supported by "more than a mere scintilla" of evidence. *Biestek*, 139 S.Ct. at 1154.

The RFC is the "most physical and mental work the claimant can do on a sustained basis despite [his] limitations." *Madrell v. Kijakazi*, 25 F.4th 514, 516 (7th Cir. 2022). Both the RFC assessment and the hypothetical question posed to the vocation expert ("VE"), "must include all of a claimant's limitations supported by the medical record." *Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021). Although an ALJ need only "minimally articulate" her reasoning for her findings, an opinion from a medical source on a claimant's RFC "may be rejected only with 'an accurate and logical bridge' between the evidence and the ALJ's decision." *Jeske v. Saul*, 955 F.3d 583, 593 (7th Cir. 2020); *Winkelman v. Saul*, 835 F. App'x 889, 891 (7th Cir. 2021).

In making her mental RFC determination, the ALJ specifically considered the opinions of the state agency reviewing psychologists. (R. 24-25). Michael E. Cremerius, Ph.D., conducted an initial review of Joshua's medical records on March 3, 2017. *Id*. at 151-57. He opined, among other things, that Joshua would have mild limitations in interacting with others. *Id*. at 152. In assessing Joshua's mental RFC and in the portion of the form regarding social interaction limitations, Dr. Cremerius opined that Joshua was markedly limited in his ability to interact appropriately with the general public and moderately limited in his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. *Id*. at 157. Under the heading "Explain in a narrative form the social interaction capacities and/or limitations," Dr.

---

[1] Joshua has withdrawn his constitutional argument concerning the appointment of Andrew Saul as the Commissioner of Social Security. *See* Docs. 27-29.

Cremerius wrote: "The claimant would be limited to brief and superficial contact with co-workers, no responsibility for servicing the public." *Id*. On May 23, 2017, Howard Tin, Psy.D., reviewed Joshua's medical records at the reconsideration level. *Id*. at 166-70, 172-74. Among other things, Dr. Tin found Joshua had moderate limitations in interacting with others. *Id*. at 168. Dr. Tin found Joshua moderately limited in his ability to interact with the general public and agreed with Dr. Cremerius's opinion that Joshua "would be limited to brief and superficial contact with co-workers, no responsibility for servicing the public." *Id*. at 173.

Joshua argues that the ALJ's mental RFC assessment lacks the support of substantial evidence because the ALJ failed to explain how she reached the limitation to occasional coworker interactions after giving great weight to the state agency psychologists' specific limitation to "brief and superficial contact with coworkers." Joshua's argument is well taken. To recap, Dr. Cremerius opined that Joshua is "limited to brief and superficial contact with co-workers." (R. 157). Dr. Tin reached the same conclusion on this social interaction limitation at the state agency reconsideration level. *Id*. at 173. Notably, in formulating the mental RFC, the ALJ stated Drs. Cremerius's and Tin's "opinions that the claimant would be limited to brief and superficial contact with coworkers are given great weight." *Id*. at 25. The ALJ found these opinions "consistent with the findings that noted [Joshua] was sad, tearful, angry, irritable, depressed, and anxious." *Id*. However, the limitation to "brief and superficial contact with co-workers" was absent from the ALJ's RFC finding. Instead, the ALJ adopted an "occasional interactions with coworkers" limitation in her mental RFC assessment. *Id*. at 20. The ALJ did not explain the reason for this discrepancy.

The ALJ was required to provide enough analysis to allow a reviewing court to determine why she rejected the state agency psychologists' recommendation in this area of coworker

5

interaction. *See* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (ALJ's RFC assessment must explain "how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations.")). The ALJ did not do that here. The ALJ offered *no explanation* to support her specific coworker interaction restriction other than stating that "given the claimant's problems interacting with others and post-traumatic stress disorder concerns, the undersigned finds that he can have only occasional interactions with coworkers . . . ." (R. 24). This does not adequately explain why the ALJ's coworker interaction limitation differs from the state agency psychologists' coworker interaction limitation when the ALJ gave great weight to their opinions in this area of functioning. The ALJ was clearly aware of Drs. Cremerius's and Tin's opinions with respect to coworker contact because she expressly accorded them "great weight" and found them consistent with findings throughout the record. (R. 25). Without more explanation, it is unclear to the Court why the ALJ found the state agency psychologists' limitation concerning contact with coworkers entitled to "great weight" and consistent with the evidence yet included a different coworker interaction limitation in the RFC. As a result, her decision cannot satisfy the "minimal articulation" standard. *See Jayson J. v. Saul*, 2020 WL 597657, at *10, 12 (N.D. Ind. Feb. 7, 2020) (reversing where the ALJ failed to explain how the claimant could occasionally interact with supervisors despite opinion evidence, which the ALJ gave great weight, limiting the plaintiff to brief, superficial interactions with others); *Hurley v. Berryhill*, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (ALJ failed to build a logical bridge between the evidence and his conclusion where "[t]here [was] no explanation as to why the ALJ accepted the limitation of 'occasional interactions' but not 'superficial interactions' from the [state agency] psychologists' opinions[,] . . . there [were] no contrary medical opinions of record[,] and . . . the ALJ assigned the psychologists' opinion great weight due to how well they were supported

by the other evidence of record and how well they explained their conclusions."); *Lafollette v. Berryhill*, 2018 WL 3805805, at *6 (N.D. Ind. Aug. 10, 2018); *Mack v. Berryhill*, 2018 WL 3533270, at *3 (N.D. Ill. July 23, 2018) (holding "[a]bsent any meaningful explanation of why he modified the state agency psychologists' RFC," the ALJ failed to provide the assessment of claimant's RFC that SSR 96-8p requires); *Cf. Reynolds*, 25 F.4th at 473-74 (rejecting claimant's argument that ALJ who imposed an "occasional interaction with coworkers and supervisors" limitation erred in failing to explain her decision not to impose an additional "superficial" limitation on such interactions where there was "no such evidence of a qualitative limitation").

Not only did the ALJ omit the "brief and superficial interaction with co-workers" limitation from the RFC without explaining why, but she did not provide support for the "occasional interactions with coworkers" restriction actually included in the mental RFC. The ALJ failed to cite any specific evidence showing that Joshua remains capable of "occasional" interactions with coworkers, and no doctor opined that Joshua had this specific limitation. While the ALJ generally referenced Joshua's "problems interacting with others and post-traumatic stress disorder concerns," at no point did she specifically indicate how she arrived at her determination as to Joshua's ability to interact with coworkers. (R. 24). Accordingly, the ALJ did not provide an adequate explanation of the basis of her RFC finding that Joshua could occasionally interact with coworkers.

Because the ALJ did not ask the VE whether jobs existed that Joshua could perform with a limitation to brief and superficial contact with coworkers, the ALJ's error is not harmless. *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) ("harmless error standard applies to judicial review of administrative decisions, and we will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result.") (internal quotation marks

omitted); *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."). Considering the absence of VE testimony regarding a limitation to brief and superficial contact with coworkers, the Court cannot be sure that the result would have been the same if the ALJ had incorporated this particular social interaction limitation into both a hypothetical question and the RFC. *See Callahan v. Saul*, 2021 WL 458010, at *5 (N.D. Ind. Feb. 9, 2021) ("The ALJ did not provide for brief and superficial contact with coworkers . . . in the hypothetical to the VE. The VE's testimony may have altered with the addition of brief and superficial contact with . . . co-workers . . . ."); *Lafollette*, 2018 WL 3805805, at *6; *Cf. Egly v. Berryhill*, 746 F. App'x 550, 555 (7th Cir. 2018) (finding harmless error where ALJ did not explicitly incorporate mental limits into his RFC findings but where VE testified that jobs would still be available for a hypothetical person with those mental limitations). Moreover, the Acting Commissioner does not argue that the ALJ's lack of an explanation in this regard constitutes harmless error because the additional limitation to brief and superficial coworker contact would not change the VE's testimony. *See Arej v. Sessions*, 852 F.3d 665, 669 (7th Cir. 2017) ("The government has not raised harmless error here, so that argument is waived") (Sykes, J. concurring); *Lafollette*, 2018 WL 3805805, at *6.

In defending the ALJ's decision, the Acting Commissioner argues that the ALJ did not need to adopt every limitation opined by the state agency psychological consultants despite affording "great weight" to their opinions regarding coworker interactions. While this is correct, Joshua does not argue that the ALJ was not permitted to deviate from the opinions she found persuasive, but rather, that the ALJ must explain the deviation and provide support for her RFC determination. *Mack*, 2018 WL 3533270, at *3 ("While the ALJ was not required to adopt the state

8

agency psychologist's opinion in its entirely, he was required to build a 'logical bridge from the evidence to his conclusion.'"); *McCorkle v. Berryhill*, 2018 WL 1306791, at *5 (S.D. Ill. March 13, 2018) ("The problem is that the ALJ obviously accepted the state agency consultants' opinion that plaintiff has some limitations in his ability to interact with the public, but, without explanation, she limited him to occasional interaction with the public rather than no interaction as they recommended."). Here, the ALJ found the state agency psychological consultants' opinion that Joshua would be limited to brief and superficial contact with coworkers consistent with findings in the record. (R. 25). As one court held in a similar context, "[i]f the state agency opinions are as unimpeachable as the ALJ describes in her ruling, then why did she depart from them in crafting the RFC? The ALJ's failure to articulate her reasoning constitutes reversible error." *Jeffrey H. v. Kijakazi*, 2022 WL 865817, at *4 (N.D. Ill. Mar. 23, 2022).

The Acting Commissioner also argues that the ALJ's discussion of relevant evidence at step three supports the ALJ's RFC limitation to occasional interactions with coworkers. Earlier in the decision, the ALJ indicated that Joshua's mental impairments "understandably caused some problems in his ability to interact with others" and that he has appeared sad, tearful, angry, irritable, depressed, and/or anxious at various exams. (R. 19). The ALJ also considered that Joshua was able to shop, attend and work at estate sales, ride go-karts, and go shooting and appeared cooperative, friendly, pleasant, engaged, polite, positive, smiling, and calm during exams and generally had good eye contact. *Id*. But the ALJ failed to explain, nor is it self-evident, how any of this evidence demonstrates an ability to occasionally interact with coworkers. Because the ALJ did not connect these findings to the particular RFC finding, and the Commissioner likewise offers no explanation of how these findings demonstrate an ability to occasionally interact with

9

coworkers, the Court does not know how the ALJ arrived at the occasional coworker interaction limitation, rather than a brief and superficial coworker interaction limitation.

Finally, the Acting Commissioner asserts that other opinion evidence in the record suggests fewer social limitations than the ALJ assessed. In particular, she references the opinion of Joshua's treating psychiatrist, Dr. Brown, that Joshua was unlimited in his ability to interact with the general public and had limited but satisfactory ability to "[g]et along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes." (R. 524-25). The Acting Commissioner also points out that Sandra Kath-Lanterman, a licensed clinical professional counselor who works with Dr. Brown, found Joshua not limited in his ability to interact appropriately with the general public. *Id*. at 531.[2] However, the ALJ did not offer this explanation in support of her finding that Joshua can occasionally interact with coworkers. Instead, the ALJ explicitly gave "little weight to Dr. Brown's opinions overall." (R. 26). "An ALJ cannot logically reject a treating physician's report and then rely on it to support the RFC findings." *Mazzuca v. Colvin*, 2013 WL 1343344, at *9 (N.D. Ill. April 2, 2013). And the ALJ did not specifically weigh or even mention Counselor Kath-Lanterman's opinion that Joshua was not limited in his ability to interact appropriately with the general public. *Id*. The Acting Commissioner cannot now rely on evidence that the ALJ did not adopt in her decision to support the mental RFC finding. As the Seventh Circuit has made clear, the Court must confirm its review to the reasons articulated by the ALJ in her decision and *post hoc* rationalizations are improper. *See Jeske*, 955 F.3d at 587 ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon."); *Hardy v. Berryhill*, 908 F.3d 309, 313 (7th Cir. 2018) ("the ALJ's decision cannot be defended on a basis not articulated in her order"). As such, having

---

[2] Counselor Kath-Lanterman did not assess Joshua's ability to interact with coworkers. (R. 530).

rejected the state agency psychological consultants' opinions with respect to a brief and superficial coworker interaction limitation and not relied on the social interaction opinions of the treating psychiatrist and counselor, the ALJ's decision leaves the Court unable to determine the actual basis for her crafting an occasional RFC restriction concerning interactions with coworkers. *Mack*, 2018 WL 3533270, at *3 (ALJ's limitation to "interactions up to one third of the day with coworkers" appeared "untethered to the opinion evidence in the record" where ALJ gave great weight to state agency psychologist's opinion that claimant's ability to "cope with co-workers and supervisors would be adequate for brief, superficial contact" but did not adopt this limitation or explain why he did not do so).

Viewing the record as whole, the Court finds substantial evidence does not support the ALJ's decision based on her failure to sufficiently explain her mental RFC assessment finding regarding Joshua's ability to interact with coworkers. This case must be remanded for further consideration of this issue. On remand, the ALJ should include the coworker interaction limitation identified by the state agency psychologists or explain why she did not incorporate that limitation to account for Joshua's limitations in interacting with others with specific reasons supported by the record. *Jeffrey H*, 2022 WL 865817, at *3 ("Because Jeffrey has identified an additional limitation not included in the RFC . . . remand is warranted so that the ALJ may update the RFC to reflect the state agency opinions or explain why she departed from those opinions."). The Court declines to address Joshua's additional challenges to the ALJ's decision. However, Joshua shall raise these concerns with the ALJ on remand.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's request for reversal and remand of the ALJ's decision [18] is granted, the Acting Commissioner's Motion for Summary Judgment [21] is denied,

and the decision of the ALJ is reversed. The Court remands this case for further proceedings consistent with this Memorandum Opinion.

**SO ORDERED.**

Dated: July 22, 2022

/s/ Sunil R. Harjani

Sunil R. Harjani
United States Magistrate Judge